## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| DANIEL VENN,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ROOFING ATLANTA, INC. and<br>WESLEY BENJAMIN<br>DAVENPORT,<br><br>　　　　Defendants. | Civil Action File No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Daniel Venn (Venn) files this Complaint against Defendant Roofing

Atlanta, Inc. and its CFO, CEO, Secretary and sole shareholder, Wesley Benjamin

Davenport, for unpaid overtime wages, pursuant to the Fair Labor Standards Act,

29 U.S.C. § 201, *et. seq.* ("FLSA"), as set forth below.

## JURISDICTION AND VENUE

### 1.

This Court has jurisdiction over the subject matter of this action under 28

U.S.C. § 1331 and 29 U.S.C. § 216(b).

### 2.

Venue is proper in this Court because the events giving rise to this action

occurred in this district and division, and Roofing Atlanta conducts business in this district and division.

## PARTIES

3.

Venn resides in Atlanta, Georgia. He worked for Roofing Atlanta from July of 2018 until July 29, 2020.

4.

Roofing Atlanta is a Georgia corporation with its principal place of business located at 5067 Bristol Industrial Way, Suite D, Buford, Georgia 30518. There, it may be served through its registered agent, Wesley Benjamin Davenport.

5.

Roofing Atlanta is an employer within the meaning of FLSA § 203(d) and is not exempt under the Act.

6.

Roofing Atlanta employed the Plaintiff within the meaning of the FLSA. For example, Roofing Atlanta determined Plaintiff's pay rate, set Plaintiff's schedule, had the authority to hire and fire the Plaintiff, and maintained Plaintiff's employment records, such as time and pay records.

7.

Roofing Atlanta constitutes an enterprise engaged in interstate commerce or the production of goods for commerce and had annual business dollar sales volume of at least $500,000.

8.

Roofing Atlanta employs two or more individuals who engage in commerce, the production of goods for commerce, or who handle, sell, or work with goods or materials that have moved in, or were produced for, commerce.

9.

For example, Roofing Atlanta employs two or more employees who regularly communicate across state lines using the interstate mail and telephone while performing their job duties.

10.

Roofing Atlanta employs two or more individuals who communicate across state lines using the internet while performing their job duties.

11.

Roofing Atlanta's employees handle and use materials that traveled through interstate commerce, such as building supplies, computers, telephones, and fax

machines, while performing their job duties.

12.

Wesley Benjamin Davenport is the only officer and sole shareholder of

Roofing Atlanta. Mr. Davenport also employed the Plaintiff as defined by the

FLSA. For example, Mr. Davenport was present for and responsible for all relevant

decision-making related to Venn's employment. Davenport exercised control over

all aspects of the company's day-to-day operations, including compensation of

employees, assignment of job duties, determining employees' FLSA exempt status,

hiring, firing, scheduling, and pay decisions generally. Davenport can be served at

the business address listed above.

13.

Venn was until his termination an employee engaged in interstate commerce

and the production of goods for commerce, expressly covered by the protections of

the FLSA, 29 U.S.C. § 207(a).

## Background Facts

14.

Roofing Atlanta builds, repairs and replaces commercial roofing for

customers in the southeastern United States.

15.

Venn worked for Atlanta Roofing at various locations in and around

Metropolitan Atlanta, Georgia.

16.

Venn held the title of "Superintendent."

17.

Venn's primary job duty was to travel to job sites and to observe and record

progress on the physical construction of commercial roofing projects, work

performed by contractors.

18.

Roofing Atlanta provided a job packet for each project to which it assigned

Venn. The packet included detailed specifications for the project and instructions

for Venn to perform his duties.

19.

Venn performed his duties in strict conformity with the processes and

procedures Roofing Atlanta outlined for him. Venn exercised no independent

judgment or control over the scope of his work or performance of his duties.

20.

Venn's duties as a superintendent were manual duties performed in specific

compliance with written instructions and did not include the authority to supervise,

hire, fire, or discipline any employees.

21.

Venn possessed no authority to direct the work of others and in fact did not

direct the work of other employees. His role was strictly limited to the observation

of the quality of work performed by roofing contractors, recording/documenting

that work, and reporting his physical observations to management via written

words, telephone and pictures.

22.

Venn also travelled to hardware vendors to obtain materials needed by

contractors performing roofing work at various job sites, at the direction and

approval of management.

23.

Venn did not exercise independent judgment or discretion over how to

perform his duties.

24.

Venn regularly worked more than forty (40) hours per week for Roofing

Atlanta.

25.

From February of 2019 until July 29, 2020, Venn estimates that he worked

an average of 10 hours of overtime per week.

26.

Venn does not have access to his complete time records, including those

prior to February of 2019. However, he estimates that he worked an average of at

least 10 hours of overtime per week during this period.

27.

From July of 2018 until November of 2019, Roofing Atlanta paid Venn a

salary of $67,000 per year, based on a 40-hour work week, which is the equivalent

of $32.21 per hour.

28.

From November of 2019 until July 29, 2020, Roofing Atlanta paid Venn a

salary of $80,000 per year, based on a 40-hour work week, which is the equivalent

of $38.46 per hour.

29.

Roofing Atlanta considered Venn to be "exempt" from overtime and therefore did not pay him any overtime for hours he worked in excess of 40 in any work week.

30.

Venn repeatedly complained about Defendants' failure to pay overtime based on the hours he worked.

31.

Venn shared with Defendants the Department of Labor Fact Sheet related to exempt duties to support his entitlement to overtime.

32.

In response to Venn's information, Defendants maintained that Venn was not entitled to overtime merely because he received a salary rather than hourly compensation.

33.

Upon information and belief, Defendants' former General Manager and former business accountant informed Defendants that employees, like Venn, were not exempt from overtime compensation under the FLSA.

34.

Venn's pay arrangement was determined and approved by Defendant

Davenport.

35.

Contrary to Defendants' decision to treat Venn as an FLSA "exempt"

employee, Venn was entitled to overtime at the rate of 1.5 times his regular hourly

rate for all hours he worked in excess of 40 in each work week.

36.

Venn anticipates that discovery of Roofing Atlanta's time records and

project schedules will assist him in calculating a more exact estimate of his

overtime hours.

37.

Without the benefit of more detailed records from Roofing Atlanta, Venn

estimates based on his own records that he worked a minimum of 1000 overtime

hours per year while employed with Roofing Atlanta.

38.

The FLSA requires that Defendants pay Venn overtime wages at the rate of

$48.32 per hour for each overtime hour he worked between July of 2018 and

November of 2019; and that it pay him an overtime rate of $57.69 for each

overtime hour he worked between November of 2019 through July 29, 2020.

39.

Based on the number of overtime hours Venn estimates he worked, he is

entitled to at least $73,700 in unpaid overtime wages.

40.

Venn is entitled to liquidated damages in an amount equal to his unpaid

overtime.

41.

Venn's actual unpaid overtime may be more precisely determined during

discovery by reviewing Defendants' time and pay records.

42.

Defendant Davenport exercised complete control over all facets of

Defendant Roofing Atlanta's operations, including decisions related to Plaintiff's

work duties, his schedule, his compensation, his FLSA exempt status, and

decisions related to resolving pay disputes.

## OVERTIME CLAIM

### 43.

Based on the above factual allegations, Defendants are liable to Plaintiff for overtime wages and damages under the Fair Labor Standards Act, 29 U.S.C. § 201.

### 44.

Defendant Roofing Atlanta is a covered employer under the FLSA, 29 U.S.C. § 203(d) because either (1) it has at least two employees and has an annual dollar volume of sales of at least $500,000, or (2) its individual employees are engaged in commerce or in the production of goods for commerce.

### 45.

Plaintiff's work was not exempt from coverage of the overtime provisions of the FLSA.

### 46.

Davenport is jointly and severally liable, along with Roofing Atlanta, for Venn's damages because he regularly exercised a high degree of control over the operation of Roofing Atlanta, and specifically controlled employee hiring, firing, compensation, duties, scheduling, and FLSA exemption status.

47.

Pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff for all unpaid overtime wages, liquidated damages in an amount equal to his unpaid wages, and attorney's fees and costs of litigation.

WHEREFORE, Plaintiff prays for the following relief:

1) A trial by jury;

2) Actual damages in the amount of Plaintiff's unpaid overtime;

3) Prejudgment interest on Plaintiff's unpaid overtime;

4) An award of liquidated damages in an amount equal to Plaintiff's unpaid overtime under the FLSA;

5) A finding that Defendants willfully violated the FLSA so that a 3-year limitation period applies to this case;

6) An award of attorney's fees and costs pursuant to the FLSA; and

7) All other relief that this Court deems just and proper.

PARKS CHESIN & WALBERT, PC
75 14th Street, N.E., 26th Floor
Atlanta, Georgia 30309-3604
Telephone: 404-873-8000
Facsimile:  404-873-8050

Andrew Y. Coffman
Georgia Bar No. 173115
acoffman@pcwlawfirm.com

Page 12 of 12